UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Abel Torres and Orfilia Silva<br>*Plaintiffs* | §<br>§<br>§ | |
| vs. | § | Civil Action No. 4:11-cv-783 |
| | § | |
| JPMorgan Chase Bank, N.A., Chase Home Finance LLC, and U.S. Bank, N.A., as Trustee for JPMorgan Mortgage Acquisition Trust 2006 N1<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ABEL TORRES and ORFILIA SILVA, Plaintiffs in the above-styled and numbered cause, and files this Plaintiff's First Amended Petition, and in support thereof would respectfully show unto the Court as follows:

I.

A. PARTIES

1.  Plaintiff's **Abel Torres** and **Ofelia Silva** (hereafter referred to as "Plaintiff's) are individuals residing in Harris County, Texas.

2.  Defendant **J.P. MORGAN CHASE BANK d/b/a CHASE HOME FINANCE LLC** is a duly registered Texas Business Corporation doing business in Harris County, Texas. Defendant **J.P. MORGAN CHASE BANK d/b/a CHASE HOME FINANCE LLC ("DEFENDANTS")** may be served with process by serving its registered agent C.T. Corporation System, 350 N. St. Paul Street, Suite 2900,

1

Dallas, Texas 75201 and **U.S. Bank National Association ("U.S. Bank")** doing business in Harris County, Texas may be served process by serving its registered agent Elizabeth Becker, 350 N. Robert Street, St. Paul, Minnesota 55101.

## B. JURISDICTION

3.  The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a) because the plaintiffs and the defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiffs are citizens of the state of Texas and Defendant, J.P. Morgan Chase Bank, N.A., Trustee for JP Morgan Acquisition Trust 2006 N1 is a citizen of the State of Ohio. Defendant, Chase Home Finance LLC, is a citizen of the States of Delaware and New Jersey. Defendant, U.S. Bank, N.A. is a citizen of Minnesota.

## C. VENUE

4.  Venue is proper in this district under 28 U.S.C. {*§1391(a)(2)/§1391(b)(2)*} because a substantial part of the events or omissions giving rise to this claim occurred in this district. The Plaintiffs claim has a substantial connection to this district as the property in question is located within this district.

## D. CONDITIONS PRECEDENT

5.  All conditions precedent have been performed or have occurred.

## E. FACTS

6.  Plaintiffs suffered losses and damages to their home during Hurricane Ike. Plaintiff's mediated with the insurer of their home, Texas Fair Plan. After negotiating a settlement of approximately $70,000.00, the draft was made payable

to Plaintiffs, Chase, and Plaintiffs' counsel in April 2010. Plaintiffs' counsel contacted Chase Home Financial's corporate office to seek an endorsement in an effort to negotiate the draft. It became obvious after a few weeks of no effective communication from Chase that Chase was not willing to cooperate with Plaintiffs' counsel regarding indorsing the Draft. Chase demanded the drafts be sent to Chase so that Chase could disburse the funds to Plaintiffs as Chase deemed appropriate.

7.   Eventually after months of phone calls and letters to the President and Chief Executive Officer of Chase, Plaintiffs' counsel received a disbursement agreement letter from Chase Home Financial. Plaintiffs' counsel drafted a contractual agreement containing the exact terms of the letter, signed it and sent the contract to Chase by certified mail in September 2010. Upon Chase signing the disbursement agreement and providing a copy to Plaintiffs' counsel would forward the settlement drafts to Chase for disbursement. However, Chase never signed and returned the disbursement agreement. Instead, Plaintiffs' counsel was given the run-around for another six months regarding why Chase would not sign and return the disbursement agreement causing Plaintiffs to suffer damages as a result.

8.   When the settlement draft was received by Plaintiffs' counsel in April 2010, Plaintiffs were in arrears on their mortgage in the amount of approximately $23,000.00 and their home still needed significant repairs due to Hurricane damage. For over an entire year Chase has interfered with Plaintiffs' ability to bring their mortgage current as well as make repairs to their home. Plaintiffs currently owe approximately $37,000.00 on their mortgage and their home has

suffered further damage due to not being able to make the necessary repairs to the damage caused by Hurricane Ike.

9. Chase has diligently sought foreclosure on the home while simultaneously blocking Plaintiffs from being able to access their insurance settlement funds by intentionally refusing to either endorse the settlement drafts or sign the disbursement agreement and return it to Plaintiffs' counsel. Plaintiff, Abel Torres has suffered from the stress of dealing with Chase's blatant disregard for Plaintiffs' ability to bring their mortgage current and make repairs to their home from the settlement amount. Mr. Torres even had to be hospitalized within the last 6-8 months for health complications related to stress. Chase has intentionally interfered with Plaintiffs' ability to access the settlement funds, Chase has misrepresented to Plaintiffs that it would disburse funds from the settlement funds, however Chase intentionally failed to do so for an entire year causing further damage to the home for lack of repairs, causing mental and emotional stress to Plaintiffs, and causing Plaintiffs the cost of additional attorney's fees for an entire year. Moreover, Chase still seeks foreclosure on the home with absolute knowledge that Plaintiffs have approximately $70,000.00 in their counsel's office.

## F. COUNT 1 - TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

10. Paragraphs 6-9 are incorporated for reference for all purposes.

11. Plaintiffs had a valid homeowners insurance contract with Texas Fair Plan Association.

12. Defendants knew or had reason to know of Plaintiff's contract with Texas Fair Plan Association and Plaintiff's interest in the contract as Plaintiffs disclosed having homeowners insurance as required by the mortgage provided by Defendants to Plaintiffs.

13. Defendants willfully and intentionally interfered with Plaintiff's contract with Texas Fair Plan Association by engaging in a course of conduct which prevented Plaintiffs from closing the matter with Texas Fair Plan Association and being able to access settlement funds for repairs and replacement of the property. Plaintiffs have attempted to reach an enforceable agreement with Defendants regarding the mortgage issues since July 2010. Defendants have refused to enter a formal enforceable settlement agreement; instead, Plaintiffs continue to get the run around.

14. Defendant's interference proximately caused injury to Plaintiffs, which resulted in the following actual damages or losses: The threatened foreclosure of the home by Defendants & U.S. Bank, which can only be stopped by a court ordered temporary injunction and the home has further deteriorated due to the unrepaired damages from the Hurricane.

15. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

16. Plaintiffs' injury resulted from Defendant's malice or actual fraud, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## G. COUNT 2 - NEGLIGENT MISREPRESENTATION

17. Paragraphs 6-16 are incorporated for reference for all purposes.

18. Defendants represented to Plaintiffs it would cooperate in the disbursement of insurance proceeds so Plaintiffs could repair the damaged home and pay attorneys fees and expenses incurred to collect same and work with Plaintiffs to settle the mortgage dispute and withhold foreclosure.

19. Defendants made the representation in the course of Defendant's business.

20. Defendants made the representation in the course of a transaction in which Defendants had an interest as Defendants J.P. Morgan Chase and Chase Home Finance are two of the multiple payees on the insurance settlement checks received by Plaintiffs in March of 2010.

21. Defendants made the representation for the guidance of others, specifically for Plaintiffs.

22. Defendant's representation was a misstatement of facts in that said assurances of an agreement did not prove to be true as Defendants and U.S. Bank are seeking to foreclose Plaintiffs, without the Plaintiffs being able to access their insurance settlement checks.

23. Defendants did not use reasonable care in communicating the information.

24. Plaintiffs justifiably relied on Defendants representation when Plaintiffs waited for the Defendants to fulfill the promised actions, which have yet to occur.

25.     Defendant's misrepresentation proximately caused injury to Plaintiffs, which resulted in the following damages: Plaintiffs have been unable to access their insurance money to pay for needed repairs which is causing the house to deteriorate and have been unable to pay attorneys fees incurred regarding the collection of the insurance dispute.

26.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

### H. COUNT 3 - VIOLATIONS OF THE DTPA

27.     Paragraphs 6-26 are incorporated for reference for all purposes.

28.     Defendants have violated the Texas Deceptive Trade Practices Act. The Defendants have committed false, misleading or deceptive active and/or practices, in particular by violating Tex. Bus. & Com. Code § 17.46(b)(2), (5), (7), (10), (12). Plaintiffs would also show that Defendants violated the act by their unconscionable actions. Plaintiffs would show that he is a consumer and that Defendants can be sued under the act. Plaintiffs hereby sue for exemplary damages as allowed by the DTPA. Plaintiffs sue for treble damages pursuant to the DTPA and Plaintiffs sue for his reasonable and necessary attorney's fees.

29.     Plaintiffs are consumers under the DTPA because Plaintiffs are individuals who acquired goods or services by purchase.

30.     Defendant is a corporation that can be sued under the DTPA.

31.     Defendant violated the DTPA when defendant

(A) engaged in false, misleading, or deceptive acts or practices that plaintiff relied on to plaintiff's detriment. Specifically, defendant refused to endorse an insurance settlement draft made payable to Plaintiffs, Chase Bank and Plaintiffs' counsel. Furthermore, Defendant, Chase Home Finance, LLC refused to execute a disbursement agreement of the settlement funds after offering the agreement to Plaintiffs only to refuse to communicate effectively with Plaintiffs counsel or make an effort to execute the agreement so that the funds could be disbursed to Plaintiffs.

(B) engaged in an unconscionable action or course of action that, to plaintiff's detriment, took advantage of plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Specifically, defendant deceived Plaintiffs into applying for a loan modification while they simultaneously refused to cooperate with Plaintiffs' counsel to allow disbursement of Plaintiffs' insurance settlement funds, as well as continued to seek foreclosure on Plaintiffs' property..

(D) engaged in false, misleading, or deceptive acts or practices that violated a "tie-in" consumer statute. Specifically, defendant stopped the disposition of insurance proceeds by refusing to endorse Plaintiffs' insurance settlement drafts. Prop. Code §5.078. Defendants also violated the Fair Debt Collection Act, Fin. Code §§ 392.001-392.404, by persistently harassing Plaintiffs with continuous phone calls and letters to collect the delinquent amount of the mortgage loan when Defendants knew that if it endorsed the settlement drafts, Plaintiffs would have had a better ability to bring the mortgage current and/or make needed repairs to the property in order to offer it or purchase it in a short sale.

32. It was impracticable for Plaintiffs to give Defendants written notice under Texas Business & Commerce Code section 17.505(a) because Plaintiffs needed to file

this suit to prevent the expiration of the statute of limitations. Therefore, written notice was not required. Plaintiffs had to file its DTPA claim in an emergency request for an injunction in order to keep their home from being foreclosed. Therefore no pre-suit notice letter to Defendants was required of Plaintiffs.

33. Defendant's wrongful conduct was a producing cause of Plaintiff's' injury, which resulted in the following damages: (1) loss of value of property due to further deterioration; (2) mental anguish; (3) emotional distress; and (4) accrual of attorney's fees.

34. Plaintiffs seek recovery of unliquidated damages that are within the jurisdictional limits of this court.

35. <u>Additional damages.</u> Defendants acted knowingly and intentionally, which entitles Plaintiffs to recover treble damages under Texas Business & Commerce Code section 17.50(b)(1). Defendants' actions were done willfully and intentionally because they knew Plaintiffs' insurance settlement contained Chase Bank as a payee and Chase Bank refused to endorse the settlement drafts or execute a disbursement agreement. Moreover, Defendants continued to seek foreclosure on Plaintiffs' home after being notified that Plaintiffs had received an insurance settlement of over approximately $70,000.00.

36. <u>Attorney fees.</u> Plaintiffs are entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section

17.50(d). Plaintiffs have had to retain the undersigned counsel in order to prosecute these claims. Additionally, Plaintiffs are entitled to recovery of reasonable and necessary attorneys fees pursuant to the Texas Civil Practice & Remedies Code.

## I. REQUEST FOR TEMPORARY INJUNCTION

37.   Plaintiff's application for a temporary injunction is authorized by Texas Civil Practice & Remedies Code § 65.011(1)(4) and Texas Property Code § 51.007(e).

38.   Plaintiffs ask the court to prevent Defendants and U.S. Bank from foreclosing on the property in question.

39.   It is probable that Plaintiffs will recover from Defendants and U.S. Bank after trial on the merits because Defendants and U.S. Bank's wrongful actions described herein.

40.   If Plaintiff's application is not granted, harm is imminent because the foreclosure will go forward and Defendants and U.S. Bank have threatened to sell the property and force Plaintiffs out of the home by forcible entry and detainer.

41.   The harm that will result if the temporary injunction order is not issued is irreparable because unless the foreclosure and sale are stopped and any forcible entry and detainer will deprive the Plaintiffs of the use and enjoyment of his home and property. Additionally, the Plaintiffs will lose the right to sell or mortgage the property at some future date and will not obtain full benefit of its appreciated value.

42.   Plaintiffs have no adequate remedy at law because Plaintiffs will lose use and enjoyment of the property. Additionally, the Plaintiffs will lose the right to sell or

mortgage the property at some future date and will not obtain full benefit of the appreciated value.

43. Plaintiffs are willing to post bond.

44. Plaintiffs ask the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants and U.S. Bank.

45. Plaintiffs have joined all indispensable parties under Rules of Civil Procedure.

46. Plaintiffs ask the Court to set their request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendants and U.S. Bank.

47. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

48. All conditions precedent to Plaintiffs' claim for relief has been performed or have occurred.

## J. ATTORNEY'S FEES

49. Plaintiffs have had to retain the undersigned counsel in order to prosecute these claims. Plaintiffs are entitled to recovery of reasonable and necessary attorneys fees pursuant to the Texas Civil Practice & Remedies Code.

## PRAYER

For these reasons, Plaintiffs ask that Defendants and U.S. Bank be cited to appear and answer and, on final trial, that Plaintiffs have judgment against

Defendants and U.S. Bank for the following:

1. The Defendants and U.S. Bank be cited to appear and show cause and that on hearing for a temporary injunction to be issued enjoining Defendants and U.S. Bank, their agents, servants, and employees, from directly or indirectly foreclosing or selling Plaintiff's home at 901 Melbourne Street, Houston, Texas 77022.

2. The Plaintiffs recover actual and consequential damages within the jurisdictional limits of the Court.

3. The Plaintiffs recover attorney's fees and costs of suit.

4. The Plaintiffs be awarded other and further relief to which the Plaintiffs may be justly entitled.

Respectfully submitted,

By: */s/ Gary M. Polland*
    Gary M. Polland
    State Bar No. 16095800
    André A. Wheeler
    State Bar No. 24042341
    2211 Norfolk Street, Suite 920
    Houston, Texas 77098
    Telephone: (713) 621-6335
    Facsimile: (713) 622-6334
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been forwarded via first-class mail, postage prepaid, and/or facsimile, to the following counsel of record, on this the 30th day of March, 2011.

***Via Fax No. 214-871-2111***
Travis Richins
Quilling, Selander, Lownds, Winslett
2001 Bryan Street, Suite 1800
Dallas, TX 75201

                                      */s/ Gary M. Polland*
                                      Gary M. Polland